UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | Case No.   4:12MC352 RWS |
| ) | |
| FIRST CALIFORNIA MORTGAGE ) | |
| COMPANY, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff CitiMortgage, Inc. currently has a case pending in this Court against Defendant First California Mortgage Company in Case No. 4:10CV1498 RWS.  In that case CitiMortgage asserts a breach of contract claim against First California for failing to comply with the demand to indemnify CitiMortgage for all losses associated with 16 mortgage loans and/or for failing to repurchase the loans.

Among other affirmative defenses, First California asserts that CitiMortgage breached the implied covenant of good faith and fair dealing.

On May 30, 2012, First California provided CitiMortgage notice of a its intent to subpoena CitiMortgage's former employee, Richard M. Bowen, for a deposition.  The subpoena set the deposition for June 13, 2012.  Because Bowen resides in Dallas, Texas and the deposition was to take place in Dallas, CitiMortgage filed a motion to quash the subpoena in the United States District Court for the Northern District of Texas.  That court granted CitiMortgage's motion to transfer the motion to quash to this Court for a resolution under In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991) which permits the transfer of a subpoena dispute "to the

court in which the action is pending." The motion is now before this Court.

Richard Bowen is a former senior vice president and business chief underwriter for CitiMortgage. In April 2010, Bowen provided un-cross-examined testimony to the Congressional Financial Crisis Inquiry Commission regarding CitiMortgage's quality control review of mortgage loans it purchased. Bowen's testimony did not involve the 16 loans in dispute in the present case. First California asserts it seeks to depose Bowden on CitiMortgage's policies and processes for investigating or auditing the loans it purchased, CitiMortgage's creation, development, and marketing of stated income loans, and CitiMortgage's purported knowledge of defective loan guidelines. (Doc. # 13, Def.s Resp. in Opp.)

CitiMortgage filed its motion to quash under Federal Rule of Civil Procedure 26(c) and 45 (c) asserting that First California seeks to obtain discovery on issues which have already been rejected by the Court. I find that CitiMortgage has standing to seek a motion to quash because First California seeks to obtain CitiMortgage's business and financial information from Bowen. Moreover, I have already ruled that the information First California seeks from Bowen is irrelevant to the case. CitiMortgage has a compelling interest in avoiding the expense of preparing for and attending the deposition of Bowen which seeks irrelevant information.

First California previously pursued discovery in this matter seeking the same information it now seeks to obtain from Bowen. In my order dated November 29, 2011, I denied First California's motion to compel discovery of this broad type of information because First California's affirmative defense of bad faith and unfair dealing is limited to CitiMortgage's decision making in seeking its remedies concerning the 16 loans at issue.

Because the purpose of First California's deposition of Bowen is to seek information I

have already found to be beyond the scope of discovery in this matter, I will grant CitiMortgage's motion to quash.

Accordingly,

**IT IS HEREBY ORDERED that** CitiMortgage's motion to quash [#1] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2012.